# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF MONTANA

### HELENA DIVISION

| | |
|---|---|
| JACOB LEE MASHEK,<br><br>Plaintiff,<br><br>vs.<br><br>HEATHER SNELL, et al.,<br><br>Defendants. | Cause No. CV 10-00010-H-DWM-RKS<br><br>FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE TO DISMISS |

This action presents a controversy over whether Defendants, acting under color of state law, violated Plaintiff Jacob Mashek's federal constitutional rights thereby subjecting Defendants to liability under 42 U.S.C. § 1983. Accordingly, the case presents a federal question over which the Court has jurisdiction pursuant to 28 U.S.C. § 1331.

FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE TO DISMISS-CV-10-00010-H-DWM-RKS / PAGE 1

By prior Order, the Court found that Mr. Mashek's Complaint failed to state a claim upon which relief could be granted.  Mr. Mashek was required to either file an amended complaint or notify the Court that he did not intend to file an amended complaint.  (Court Doc. 10, p. 34).  Mr. Mashek filed two motions for extension of time to file his amended complaint.  Both motions were granted giving Mr. Mashek until July 16, 2010 to file his amended complaint.  Mr. Mashek has not filed anything since his May 14, 2010 motion for extension (Court Doc. 13) and has not filed an amended complaint.  Therefore, the Complaint should be dismissed for failure to state a claim and failure to comply with a Court order.

## A.  FAILURE TO STATE A CLAIM

Mr. Mashek's original complaint raised claims of denial of mental health care, denial of due process in a disciplinary hearing, and excessive use of force.  In its prior Order, the Court found that Mr. Mashek had failed to state a claim upon which relief could be granted with regard to all three claims.  (See Court Doc. 10, pp. 16-18 (mental health care); p. 22 (due process); and pp. 23-24 (excessive use of force)).

Mr. Mashek was advised his Complaint was subject to dismissal for failure to state a claim upon which relief may be granted and he was given an opportunity to file an amended complaint.  He did not do so. Accordingly, for the reasons set forth in the Court's prior Order (Court Doc. 10), Mr. Mashek's Complaint fails to state a claim upon which relief may be granted and should be dismissed.

## B.  FAILURE TO COMPLY WITH COURT ORDER

In addition to failing to state a claim, Plaintiff's Complaint should also be dismissed as a sanction for failing to comply with a Court order. Mr. Mashek was instructed to file an amended complaint or notify the Court of his intention not to file an amended complaint.  Mr. Mashek did neither.  Mr. Mashek was advised that if he failed to timely comply with the Court's Order, his case could be dismissed without further notice. (Court Doc. 10, pp. 33-34).

The trial court has discretion under Fed. R. Civ. P. 41(b) to dismiss an action for failure to comply with a court order.  *Fendler v. Westgate-California Corp.*, 527 F.2d 1168, 1170 (9th Cir. 1975).  The Court must consider the following factors before imposing a dismissal

FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE TO DISMISS-CV-10-00010-H-DWM-RKS / PAGE 3

as a sanction for failure to prosecute or failure to comply with a court order:  (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits. *Pagtalunan v. Galaza*, 291 F.3d 639 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)); *see also Dahl v. City of Huntington Beach*, 84 F.3d 363, 366 (9th Cir. 1996); *Thompson v. Housing Auth. of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986) (per curiam), *cert. denied*, 479 U.S. 829 (1986).

"The public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999).  Given Mr. Mashek's failure to respond to the Court's prior Order, this factor weighs in favor of dismissal.

"The trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest." *Pagtalunan*, 291 F.3d 639 (citing *Yourish*, 191 F.3d 983).  It has now been five months since the Court's prior Order and

three months since Mr. Mashek has filed anything with the Court.  The
Court must be able to manage its docket.  This factor favors dismissal.

   "To prove prejudice, a defendant must establish that plaintiff's
actions impaired defendant's ability to proceed to trial or threatened to
interfere with the rightful decision of the case."  *Malone v. United
States Postal Service*, 833 F.2d 128, 131 (9th Cir. 1987).  Defendants
have not yet been served in this case and thus there is no immediate
prejudice.  But given Mr. Mashek's failure to respond, the matter could
linger indefinitely and prejudice Defendants.

   The Court has considered the possibility of and provided less
drastic alternatives.  Alternatives may include "allowing further
amended complaints, allowing additional time, or insisting that
appellant associate experienced counsel."  *Nevijel v. North Coast Life
Insurance Co.*, 651 F.2d 671, 674 (9th Cir. 1981).  Although the court
should consider less drastic alternatives to a dismissal, the court is not
required to exhaust all such alternatives prior to dismissal.  *Id.*  Again
Mr. Mashek was warned that a failure to comply with every provision
of the Court's Order could result in a dismissal of his case.  (Court Doc.

FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE TO
DISMISS-CV-10-00010-H-DWM-RKS / PAGE 5

10, pp. 33-34).  Mr. Mashek will have an opportunity to file objections to these Findings and Recommendations, which may not technically be considered an "alternative" but will provide Mr. Mashek the chance to challenge this Court's rulings.

The last factor weighs against dismissal of the Complaint because public policy favors the disposition of cases on their merits. *Pagtalunan*, 291 F.3d 639 (citing *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998)).  But, the Court finds the other four factors weigh in favor of dismissal and therefore dismissal is an appropriate sanction in this matter.

Accordingly, it being found that Mr. Mashek has failed to state a claim upon which relief may be granted, failed to comply with a Court Order, and the Court finding the relevant factors weigh in favor of dismissal, the Court will recommend Mr. Mashek's Complaint be dismissed.

## C.    "STRIKE" UNDER 28 U.S.C. § 1915(G)

The Prison Litigation Reform Act prohibits prisoners from bringing forma pauperis civil actions if the prisoner has brought three

or more actions in federal court that were dismissed for frivolousness, maliciousness, or for failure to state a claim.  28 U.S.C. § 1915(g).  The Court should designate this case as a "strike" under this provision because Mr. Mashek failed to state a claim upon which relief may be granted.

### D.   CERTIFICATION REGARDING APPEAL

The Federal Rules of Appellate Procedure provide as follows:

> [A] party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless:
>> (A) the district court-before or after the notice of appeal is filed-certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding;

Fed. R.App.P. 24(a)(3)(A).

Analogously, 28 U.S.C. § 1915(a)(3) provides "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."  The good faith standard is an objective one.  *See Coppedge v. United States*, 369 U.S. 438, 445 (1962).  A plaintiff

satisfies the "good faith" requirement if he or she seeks review of any issue that is "not frivolous." *Gardner v. Pogue*, 558 F.2d 548, 551 (9th Cir. 1977) (quoting *Coppedge*, 369 U.S. at 445).  For purposes of section 1915, an appeal is frivolous if it lacks any arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 327 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1225 (9th Cir. 1984).  "[T]o determine that an appeal is in good faith, a court need only find that a reasonable person could suppose that the appeal has some merit." *Walker v. O'Brien*, 216 F.3d 626, 631 (9th Cir. 2000).

Mr. Mashek's failure to state a claim is so clear no reasonable person could suppose an appeal would have merit.  Therefore, the Court should certify that any appeal of this matter would not be taken in good faith.

### E. ADDRESS CHANGES

At all times during the pendency of this action, Mr. Mashek SHALL IMMEDIATELY ADVISE the Court of any change of address and its effective date.  Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS."  The notice shall contain only information

pertaining to the change of address and its effective date.  The notice shall not include any motions for any other relief.  Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

Based upon the foregoing, the Court issues the following:

## RECOMMENDATIONS

1.  Mr. Mashek's Complaint should be **DISMISSED** for failure to state a claim upon which relief may be granted and failure to comply with a Court Order.

2.  The Clerk of Court should be directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3.  The Clerk of Court should be directed to have the docket reflect that the dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g) because Mr. Mashek failed to state a claim upon which relief may be granted.

4.  The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Fed.R.App.P. 24(a)(3)(A)

FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE TO DISMISS-CV-10-00010-H-DWM-RKS / PAGE 9

that any appeal of this decision would not be taken in good faith.  The record makes plain that Mr. Mashek's failure to state a claim is so clear no reasonable person could suppose an appeal would have merit.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Mr. Mashek may serve and file written objections to these Findings and Recommendations within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing.  Any such filing should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made.  The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations.  Failure to timely file written objections may bar a de novo determination by the district judge and may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

This is not an order that is immediately appealable to the Ninth

FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE TO DISMISS-CV-10-00010-H-DWM-RKS / PAGE 10

Circuit Court of Appeals.  Any notice of appeal pursuant to

Fed.R.App.P. 4(a)(1), should not be filed until entry of the District

Court's final judgment.

DATED this 27th day of August, 2010.


/s/ Keith Strong
Keith Strong
United States Magistrate Judge


FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE TO
DISMISS-CV-10-00010-H-DWM-RKS / PAGE 11